FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2015 JUN 18  P 3 16

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

OSCAR L. CANALES                     )
13015 Evanston Street                )
Rockville, Maryland 20910,           )
                                     )
          Plaintiff                  )
                                     )   C.A. No. _1:15 CV 783_
vs.                                  )            _JCC/TCB_
                                     )
WEX VALET, LLC                       )
2015 Burfoot Street                  )
Falls Church, Virginia 22043         )
                                     )
   Serve:                            )
Deidre Hickox                        )
2015 Burfoot Street                  )
Falls Church, Virginia 22043,        )
                                     )
GARY S. MCCARROLL                    )
2015 Burfoot Street                  )
Falls Church, Virginia 22043,        )
                                     )
          Defendants.                )
                                     )

## COMPLAINT

Plaintiff Oscar L. Canales, by counsel, hereby complains and alleges as follows:

## I. NATURE OF CASE

1.     This is an action brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., by Oscar L. Canales, against Defendants WEX Valet, LLC and Gary S. McCarroll for overtime violations of the FLSA.  There are also claims brought under the Maryland Wage and Hour Law, Md. Code Ann. Lab & Emp. §3-401, et seq. and the Maryland Wage Payment Law, Md. Code Ann. Lab & Emp. §3-501.  All of the claims involve failure of Defendants to pay overtime compensation to Plaintiff.

## II. JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over the FLSA claims under 28 U.S.C. §1331 and 28 U.S.C. §1337.  This Court has supplemental jurisdiction over Plaintiff's state law claims under the Maryland Wage and Hour Law and the Maryland Wage Payment Law under 28 U.S.C. §1331.  The claims arise from a common nucleus of operative facts.  All of the claims involve failure of Defendants to pay overtime compensation to Plaintiff.

3.     Venue is proper in this district and in this division by virtue of 28 U.S.C. §1391(b) because, among other reasons, both Defendants reside in this district and this division.

## III. THE PARTIES

4.     Plaintiff Oscar L. Canales is a resident of the Rockville area of Montgomery County, Maryland.  From on or about February 19, 2014 until on or about July 29, 2014, Plaintiff was employed by Defendants, working primarily in Montgomery County, Maryland.

5.     Defendant WEX Valet, LLC ("WEX Valet") is a limited liability company, organized under the laws of Virginia, with its principal place of business at 2015 Burfoot Street in the Falls Church area of Fairfax County, Virginia.  It does business as WEX Valet Services and/or WEX Valet.  Defendant WEX Valet has regularly conducted business activity in Fairfax County, Virginia.  WEX Valet contracted with businesses, including automobile dealerships, to provide valet automobile parking, delivery, and pick up services.

2

6.    Defendant Gary S. McCarroll is the owner and/or operator of WEX Valet.  Mr. McCarroll owns the property located at 2015 Burfoot Street that is the principal place of business of Defendant WEX Valet. Mr. McCarroll has regularly conducted business activity in Fairfax County, Virginia, including through WEX Valet.  Mr. McCarroll is a resident of Fairfax County, Virginia, living at 2015 Burfoot Street in the Falls Church area of Fairfax County.   On information and belief, Mr. McCarroll has also operated a business known as Gary McCarroll Delivery Service from the property located at 2015 Burfoot Street.

IV. <u>FACTS</u>

7.    Defendant WEX Valet had annual gross volume of sales or business done of $500,000 or more at all times relevant herein.

8.    Defendant WEX Valet was an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

9.    Defendants were an enterprise engaged in interstate commerce or in the production of goods for interstate commerce at all times relevant herein.

10.   Defendants and Gary McCarroll Delivery Service were an enterprise engaged in interstate commerce or in the production of good for interstate commerce at all times relevant herein, because they were under common control or unified operations.

11.   Defendants engaged in interstate commerce by such means as regularly engaging in telephone calls with persons in other states, regularly sending mail to and receiving mail from persons

3

in other states, making business transactions in interstate commerce, and using goods manufactured in other states.

12. Defendant WEX Valet had contracts with and provided services to automobile dealerships in multiple states, including in Maryland.

13. Defendants were all employers of Plaintiff for purposes of the FLSA.

14. Plaintiff was jointly employed by Defendants for purposes of the FLSA at all times relevant herein.

15. Gary McCarroll acted directly or indirectly in the interest of WEX Valet in relation to Plaintiff for purposes of the FLSA.

16. Gary McCarroll had operational control of significant aspects of the day-to-day functions of WEX Valet, including decisions on the hiring, firing, and compensation of employees, at all times relevant herein.

17. Gary McCarroll exercised control over the work situation at WEX Valet at all times relevant herein.

18. Gary McCarroll had the power to hire and fire employees, had the power to supervise and/or control employees' work schedules or conditions of employment, had the power to determine the rate and method of employee compensation, and had authority over maintenance of employment records.

19. Plaintiff performed his work for WEX Valet at the Bethesda Audi and Porsche dealership, located in Montgomery County, Maryland.

4

20.   Plaintiff's duties were to receive new cars and to park them, put gasoline in the new cars, place a license plate cover on each new car, drive cars to other dealerships, put sales price information on used cars after inspection, and to transport cars from a parking lot near the dealership to the dealership when requested to do so.

21.   Plaintiff regularly drove on the highways as part of his normal job duties.

22.   Plaintiff regularly drove cars from one dealership to another as part of interstate commerce.

23.   Plaintiff regularly received new cars from out of state, as part of interstate commerce.

24.   Plaintiff regularly put gasoline, which traveled in interstate commerce from out of state, in cars.

25.   Plaintiff engaged in commerce across state lines in the course of his employment with Defendants by, without limitation, using goods manufactured in other states and helping prepare cars for sale to persons from out of state and/or who drove the cars out of state.

26.   Plaintiff's work affected interstate commerce.

27.   Plaintiff's work was an essential part of the stream of interstate commerce.

28.   Plaintiff regularly worked more than 40 hours a week for Defendants.

29.   Plaintiff's pay stubs showed that he regularly worked more than 40 hours a week for Defendants.

30.    Defendants and/or their agents required and/or suffered or permitted Plaintiff to work overtime hours.

31.    Defendants scheduled Plaintiff to work more than 40 hours a week for Defendants.

32.    Defendants paid Plaintiff on an hourly basis, but failed to pay Plaintiff overtime compensation equal to one and one-half his regular rate of pay.

33.    Defendants paid Plaintiff $13.50 an hour for each hour he was recorded as working for Defendants, without paying Plaintiff any extra amount for overtime compensation.

34.    For the two-week pay period from June 16, 2014 to June 30, 2014, Plaintiff was shown as working 122 hours and receiving compensation at the rate of $13.50 per hour for each of those hours.

35.    For the two-week pay period from June 1, 2014 to June 15, 2014, Plaintiff was shown as working 104 hours and receiving compensation at the rate of $13.50 per hour for each of those hours.

36.    For other pay periods during his employment, Plaintiff was shown as working more than 80 hours during a two-week pay period, but receiving only $13.50 for each hour worked, without any extra amount for overtime compensation.

37.    Defendants paid Plaintiff on an hourly basis, but did not pay Plaintiff time and one-half his regular rate of pay for hours worked over 40.

38.   Defendants knew that Plaintiff was working more than 40 hours a week without overtime compensation and/or without being paid one and one-half times his regular rate of pay for hours worked over 40.

39.   Defendants knew that it was unlawful to fail to pay overtime compensation to an employee, such as Plaintiff, who was paid on an hourly basis and who worked more than 40 hours a week. Alternatively, Defendants acted in reckless disregard of the law in not knowing that such actions were unlawful.

## V. CLAIMS FOR RELIEF

### COUNT ONE
### VIOLATION OF FLSA OVERTIME REQUIREMENTS

40.   The allegations of the preceding paragraphs are here realleged.

41.   Defendants did not compensate Plaintiff at the proper rate for all hours that Defendants required and/or "suffered or permitted" Plaintiff to work for Defendants with the actual or constructive knowledge of Defendants.

42.   Defendants regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

43.   Defendants did not pay Plaintiff one and one-half times his FLSA regular rate of pay for all of the hours he worked in excess of 40 in each workweek (i.e., Defendants did not pay overtime compensation required by law for all overtime hours worked).

7

44.  Defendants regularly and willfully violated the FLSA by not compensating Plaintiff at the proper rate for all hours he was required and/or "suffered or permitted" to work for Defendants and/or for not paying all overtime compensation due to Plaintiff.

45.  By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation), an amount equal to that unpaid compensation as liquidated damages, and reasonable attorneys' fees and expenses, and costs under 29 U.S.C. §216(b).

COUNT TWO<br>VIOLATION OF MARYLAND WAGE AND HOUR LAW

46.  The allegations of the preceding paragraphs are here realleged.

47.  Defendants did not compensate Plaintiff for all hours that Defendants required and/or "suffered or permitted" Plaintiff to work for Defendants with the actual or constructive knowledge of Defendants.

48.  Defendants regularly and willfully required Plaintiff to work in excess of 40 hours during a workweek and/or "suffered or permitted" such overtime work.

49.  Defendants did not pay Plaintiff one and one-half times his regular rate of pay for all of the hours he worked in excess of 40 in each workweek (i.e., overtime hours worked).

50.   Defendants regularly and willfully violated the Maryland Wage and Hour Law, Md. Code Ann. Lab & Emp. §3-401, et seq., by not compensating Plaintiff for all hours he was required or "suffered or permitted" to work for Defendants and/or for not paying all overtime compensation due to Plaintiff.

51.   By reason of the foregoing, Plaintiff has been damaged and is due unpaid compensation (including unpaid overtime compensation), and reasonable attorneys' fees and expenses, and costs.

## COUNT THREE
## VIOLATION OF MARYLAND WAGE PAYMENT LAW

52.   The allegations of the preceding paragraphs are here realleged.

53.   Defendants regularly and willfully violated the Maryland Wage Payment and Collection Law, §3-501, et seq., by failing and refusing to pay Plaintiff wages due him, including overtime wages due under the Maryland Wage and Hour Law and/or the FLSA.

54.   There was no bona fide or good faith dispute concerning the overtime wages due.

55.   By reason of the foregoing, Plaintiff have been damaged and is due unpaid compensation (including unpaid overtime compensation), treble damages, and reasonable attorneys' fees and expenses, and costs.

WHEREFORE, Plaintiff demands judgment against Defendants WEX Valet, LLC and Gary S. McCarroll, jointly and severely, for unpaid compensation (including unpaid overtime compensation), in an amount to be determined at trial, an amount equal to that unpaid

9

compensation as liquidated damages under the FLSA and/or treble damages for unpaid wages and/or unpaid overtime wages under the Maryland Wage Payment and Collection Law, interest, reasonable attorneys' fees and expenses, costs, and such other relief as this Court considers proper.

Respectfully submitted,

OSCAR L. CANALES
By counsel:

John J. Rigby, #20116
McInroy & Rigby, L.L.P.
2200 Clarendon Blvd., Suite 1201
Arlington, Virginia 22201
(703) 841-1100
(703) 841-1161 (fax)
jrigby@mcinroyrigby.com

Daniel P. Barrera, #32185
The Barrera Law Firm, PLLC
5845 Richmond Highway, Suite 620
Alexandria, Virginia 22303
(703) 955-4007
(703) 663-9200 (fax)
dbarrera@barreralawfirm.com

CONSENT FOR SUIT UNDER THE FAIR LABOR STANDARDS ACT

I hereby authorize John J. Rigby of McInroy & Rigby, L.L.P. and Daniel Barrera of the Barrera Law Firm, PLLC to bring suit against WEX Valet, LLC and/or Gary S. McCarroll and/or any other appropriate parties under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., and any appropriate state law(s), including, without limitation, the Maryland statute on wages and hours, Maryland Code, Labor and Employment, §3-401 et seq., to recover unpaid minimum wages, overtime, and other compensation, as well as liquidated damages, interest, costs, and reasonable attorneys' fees. I ask that reasonable attorneys' fees and costs be awarded to John J. Rigby and Daniel Barrera and any other attorneys who assist in this litigation. I give my attorneys the right to compromise and settle any claim. I authorize the filing of a collective action if my counsel determine that this is appropriate.

signature:  _____

name:       Oscar Canales

address:    2518 Forest Glen Road
            Silver Spring, Maryland 20910

date:       4 / 21 / 2015